UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LESLIE MERCADO,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, *Commissioner of Social Security*,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 24-10423-AK<br>)<br>)<br>)<br>)<br>)<br>) |

### MEMORANDUM AND ORDER

**ANGEL KELLEY, D.J.**

Plaintiff Leslie Mercado, who is representing herself, has filed a civil complaint against the United States Social Security Administration ("SSA") in which she alleges that the agency wrongfully denied her Social Security benefits.[1] Mercado has also filed a Motion for Leave to Proceed *In Forma Pauperis*. [Dkt. 2]. For the reasons stated below, the Court will **GRANT** the Motion and **ORDER** that this action be transmitted to the SSA. The Court also **DISMISSES** any claims for damages.

**I.     MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Upon review of Mercado's motion for leave to proceed *in forma pauperis*, the Court **GRANTS** the same.

---

[1] In her Complaint, Mercado identifies the Social Security Administration as the Defendant. [Dkt. 1 at 1]. Because the Commissioner of Social Security is the proper Defendant in an action challenging the denial of Social Security benefits, the Commissioner has been substituted as the sole Defendant in this action. See 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(d).

**II.      REVIEW OF THE COMPLAINT**

Because Mercado is proceeding without prepayment of the filing fee, her Complaint is subject to a preliminary screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). In conducting this review, the Court liberally construes Mercado's Complaint because she is proceeding pro se.

**A.      Mercado's Complaint**

Plaintiff's statement of her claim consists of the following:

> I was discriminate against by the social Security judge. My civil rights were violated. Equal protection & due process. Results from discrimination treatment led to denial of benefits previously. Negligence claim. This caused emotional distress from the experience. I question now I was recently approved for SSI but denied years ago. I suffered PTSD since age 14 until now. I was entitled to benefits under the Social Security Act.

[Dkt. 1 at 4] (some punctuation and capitalization standardized).

In her prayer for relief, Mercado "request[s] retroactive benefits from the initial application dated back when I was 30 years old. I'm asking for accommodations to which I may be untitled under the law. Equitable relief." Id. On her civil cover sheet, Mercado indicates that she seeks $80,000. [Dkt. 1-1].

**B.      Sovereign Immunity of the United States**

The United States—including its agencies—has sovereign immunity from suit unless such immunity has been waived. See FDIC v. Meyer, 510 U.S. 471, 475 (1994). A federal agency's waiver of immunity must be "unequivocally expressed" and will be strictly construed

in favor of immunity. United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992) (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 95 (1990)).

The Social Security Act contains a very narrow waiver of sovereign immunity of the SSA. See 42 U.S.C. §§ 405(g), (h). Under 42. U.S.C. § 405(g) ("§ 405(g)"), an individual may seek judicial review of a "final decision" of the Commissioner of the SSA Administration. See 42 U.S.C. § 405(g). A "final decision" arises when (1) the Appeals Council of the SSA denies an individual request for further review of the decision of the administrative law judge; or (2) the Appeals Council does decide to review the individuals claims and issues its decision. See 20 C.F.R. §§ 404.900(a), 404.981; see also Sims v. Apfel, 530 U.S. 103, 106-07 (2000). Thereafter, a civil action for judicial review of the final decision must be initiated within 60 days of the final decision. See 20 C.F.R. §§ 404.981, 422.210.[2]

Here, it is unclear whether Mercado has exhausted her administrative remedies with regard to the denial of the claim for benefits she now seeks. Nonetheless, because the SSA can provide this information, the Court will order the Clerk to transmit this action to the SSA pursuant to Rule 3 of the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g).

### C.   Claims for Damages

To the extent that Mercado seeks relief other than the benefits allegedly due to her, the Complaint fails to state a claim upon which relief may be granted. Section § 405(g) does not contain a damages remedy, and it is the exclusive method "to recover on any claim arising

---

[2] Though this sixty-day limit is non-jurisdictional, it is a condition on the waiver of sovereign immunity and, thus, is strictly construed. See Bowen v. City of New York, 476 U.S. 467, 479 (1986). The limitations period, however, is subject to equitable tolling if the requirements of that doctrine are satisfied. See id. at 479–80.

under" the Social Security Act. 42 U.S.C. § 405(h) ("§ 405(h)") ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter."). Where a plaintiff challenges any misconduct related to the denial of Social Security benefits, the plaintiff's remedy is limited to the benefits (if any) that were wrongly denied. See, e.g., Schweiker v. Chilicky, 487 U.S. 412, 424-25 (1988) (holding that the Social Security Act does not contain a "remedy in damages for emotional distress or for other hardships suffered" from mishandling of claim, and refusing to create Bivens remedy precludes a cause of action for money damages for unconstitutional conduct that led to the wrongful denial of benefits); Weinberger v. Salfi, 422 U.S. 749, 756-61 (1975) (§ 405(h) bars federal-question jurisdiction of any claim arising under Social Security Act except pursuant to § 405(g)); Toth v. Comm'r of Soc. Sec., 705 Fed. App'x 138 (3d Cir. 2017) (per curiam) (§ 405(h) precludes claim under the Federal Tort Claims Act for the SSA's alleged wrongful denial of benefits).

**III.   CONCLUSION**

In accordance with the foregoing, the Court hereby orders:

1. The Motion for Leave to Proceed *In Forma Pauperis* is **GRANTED**.

2. The Clerk shall transmit this action to the SSA pursuant to Rule 3 of the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g). Mercado is not required to serve a summons and Complaint. See Rule 3 of the Supplemental Rules for Social Security Actions.

3.      Any claims for monetary damages are **DISMISSED**.

**SO ORDERED.**

Dated:  May 10, 2024                                                                    /s/Angel Kelley  
                                                                                                                      Hon. Angel Kelley  
                                                                                                                      United States District Judge